**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| ROMEO'S PIZZA FRANCHISE, LLC, | Case No.: 4:18-CV-00199-RBH |
| Plaintiff, | |
| v. | **ORDER OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION ROMEO's PIZZA, LLC** |
| ROMEO'S PIZZA, LLC, | |
| Defendants. | |

This matter is before the Court upon the Motion of Plaintiff, Romeo's Pizza Franchise, LLC (hereinafter "RPF"), pursuant to Fed. R. Civ. P. 55(b)(2), for a judgment by default against Defendant Romeo's Pizza, LCC ("Defendant"). Based upon a review of the evidence, the Court makes the following:

**FINDINGS OF FACT**

1.      On January 24, 2018, RPF commenced this lawsuit against Defendant alleging trademark infringement involving counterfeiting, dilution, and unfair competition.

2.      On February 22, 2018, Defendant was duly served with the Complaint and Summons issued by the Clerk according to the Affidavit of Default. *See* [ECF No. 10].  Further, the motion for default judgment was mailed to Rafat Abuarqoub, who is the registered agent for Romeo's Pizza, LLC according to the Secretary of State. *See* [ECF Nos. 13-1, 14-4].

3.      Defendant failed to answer or otherwise respond to the Complaint within the time required by Fed. R. Civ. P. 12.

4.      On May 25, 2018, a default was entered by the Clerk against Defendant.

5.      By virtue of its default, the Court makes the following findings:

6.      At all times relevant to this action, RPF was the owner of U.S. Trademark Registration

No. 4,176,170, for the word mark ROMEO'S PIZZA®, and of U.S. Trademark Registration No. 4,176,171, for the design mark ROMEO'S PIZZA & Design® (the "Romeo's® Marks"). The Romeo's® Marks were granted on July 17, 2012.

7.      The Romeo's® Marks are valid, subsisting, and incontestable.

8.      RPF began using the Romeo's® Marks for restaurant services, particularly in connection with pizza delivery, take-out, and dining, at least as early as 2001.

9.      Defendant was formed as "Romeo's Pizza, LLC" in South Carolina in February 2016.

10.     Beginning in about March 2016, Defendant operated a facility named "Romeo's Pizza" at 3401 North Kings Highway Unit D, Myrtle Beach SC, 29577.

11.     A web site at www.romeospizzeriasc.com (accessed on January 4, 2018) displayed a menu offering restaurant services and various food items, including pizza, and lists it location at "3401 N Kings Hwy, Myrtle Beach SC, 29577."

12.     Beginning in about April 2017, Defendant operated a facility named "Romeo's Pizzeria" at 3318 Hwy 17 S, North Myrtle Beach, SC 29582.

13.     Defendant promotes its restaurant services (the "Defendant Services") using at least the word marks ROMEO'S, ROMEO'S PIZZA and ROMEO'S PIZZERIA, and other marks that are substantially indistinguishable from or colorable imitations of the Romeo's® Marks (the "Infringing Marks.").

14.     Defendant's use of the Infringing Marks as a trademark in connection with the advertising, offering for sale, and sale of the Defendant Services has been without the permission or authority of RPF.

15.     Defendant's use of the Infringing Marks as a trademark in connection with the advertising, offering for sale, and sale of the Defendant Services is in commerce, in interstate commerce, and in commerce affecting interstate commerce.

16.     The Infringing Marks are counterfeits of the Romeo's® Marks because ROMEO'S, ROMEO'S PIZZA and ROMEO'S PIZZERIA are identical with, or substantially indistinguishable from, RTF's the Romeo's® Marks.

17.     By reason of RPF's ownership of federal registrations for the Romeo's® Marks, at the time Defendant commenced the activities complained of herein, Defendant had, at a minimum, constructive notice of RPF's rights in the Romeo's® Marks. (Doc. No. 1 at ¶ 24).

18.     Defendant had actual notice of RPF's rights in the Romeo's® Marks since at least November 15, 2017, when it received a letter from RPF's outside counsel regarding the existence of the Romeo's® Marks and Defendant's infringement of the Romeo's® Marks, and demanding that Defendant cease using the Infringing Marks.

19.     Defendant's unauthorized use of counterfeits of the Romeo's® Marks is likely to cause consumer confusion by deceiving their customers and patrons into believing that Defendant's services are being provided with RPF's authorization.

20.     RPF has been harmed by Defendant's infringing activities.

21.     Defendant's acts, at least since November 15, 2017, were willful, knowing, and intentional.

22.     RPF has been harmed by Defendant's infringing activities and will continue to be harmed if Defendant is not enjoined from further infringement.

23.     RPF has elected to receive an award of statutory damages from Defendant.

Based upon the foregoing facts, the Court makes the following:

## CONCLUSIONS OF LAW

1.     This Court has jurisdiction over the subject matter of this action as it arises under an act of Congress relating to trademarks, particularly including federally registered trademarks.

2.     This Court has personal jurisdiction over the parties, and venue is proper in this

judicial district.

3.      By virtue of Defendant's default, the allegations pled in the Complaint are deemed to have been admitted by Defendants.

4.      By using counterfeit materials bearing the Romeo's® Marks in connection with restaurant services, particularly pizza delivery, take-out and dining, Defendant has committed acts that are likely to cause confusion among consumers of their services as to authorization, sponsorship, and affiliation of its services by or with RPF. In particular, customers and/or patrons who visit Defendant's establishments are likely to be deceived into believing that the restaurant services are being provided with RPF's authorization.

5.      The Infringing Marks, ROMEO'S, ROMEO'S PIZZA and ROMEO'S PIZZERIA are identical with, or substantially indistinguishable from, the Romeo's® Marks, namely the ROMEO'S PIZZA® registered trademarks.

6.      Consequently, Defendant's activities constitute trademark infringement involving counterfeiting.

7.      Defendant's infringement since November 15, 2017, has been willful and knowing.

8.      The Romeo's® Marks have become famous and distinctive over the nearly twenty years RPF has employed these marks.

9.      Defendant's Infringing Marks are identical or substantially indistinguishable from the Romeo's Mark, and an association between the marks arises from such similarity and is likely to impair the distinctiveness of RPF's Romeo's® Marks.

10.      Defendant has used the Infringing Marks "in commerce" within the meaning of the Lanham Act.

11.      Consequently, Defendant's activities constitute trademark dilution of the Romeo's® Marks.

12.     RPF is entitled to a damage award for infringement of its registered trademarks in an amount between $1,000.00 and $2,000,000.00 per mark, as the Court may determine.

13.     The Court finds that $25,000.00 in statutory damages is supported by the evidence of record for infringement during the period November 15, 2017 through the date of this judgment.[1]

14.     RPF is entitled to trebling of damages for Defendant's willful and knowing infringement of the Romeo's® Marks during that time, and therefore the damages award is trebled to $75,000.00, which the Court find will be sufficient to compensate RPF for its losses and to deter others from engaging in similar conduct.

15.     As the prevailing party in this matter involving willful and deliberate infringement by Defendant, RPF is also entitled to attorneys' fees and costs in the amount of $13,736.00. The Court finds that the sum of $13,736.00 is reasonable and appropriate.

16.     RPF is entitled to a permanent injunction against Defendant's acts of infringement of its trademarks.

<u>**JUDGMENT AND PERMANENT INJUNCTION**</u>

Accordingly, it is ORDERED, ADJUDGED, and DECREED as follows:

1.      Judgment by default is hereby entered in favor of RPF against Defendant.

2.      Pursuant to 15 U.S.C. § 1117, Defendant is hereby ordered to pay the sum of $88,736.00 to RPF, with accrual of interest from the date of entry of this judgment until paid at the legal rate, pursuant to 28 U.S.C. § 1961.

3.      Defendant and all persons in active concert or participation with it, who receive actual notice of this Order by personal service or otherwise, be permanently restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

        a.      Using ROMEO'S PIZZA, ROMEO'S PIZZERIA or ROMEO'S or any

---

[1]     The Court declines to base its award on lost royalties from gross annual sales of $628,000.00. There is no evidence in the record that Romeo's Pizza, LLC has annual gross sales of $628,000.00 and to award lost royalties based on those gross sales is too speculative.

designation that is confusingly similar thereto on or in connection with the manufacturing, distribution, advertisement, offering for sale, or sale of any goods or services;

b.      Using ROMEO'S PIZZA, ROMEO'S PIZZERIA or ROMEO'S or any designation that is confusingly similar thereto, in or as at least part of the name of a business or legal entity; and

c.      Using ROMEO'S PIZZA, ROMEO'S PIZZERIA or ROMEO'S or any designation that is confusingly similar thereto, in or as at least part of a URL, domain name, social media user name. Defendant is instructed to transfer ownership of any such URL, domain name or social media user name to RPF. This includes but is not limited to www.romeospizzeriasc.com.

**IT IS SO ORDERED.**

October 31, 2018
Florence, South Carolina

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge